IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GLORIA R. ADKINS,
    Plaintiff,

vs.                                          Case No. 5:07cv238/SPM/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D) and 72.3 of this court relating to review of administrative determinations under the Social Security Act (Act) and related statutes, 42 U.S.C. § 401, *et seq*. It is now before the court pursuant to 42 U.S.C. § 405(g) of the Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) under Title II of the Act, 42 U.S.C. §§ 401–34, and for Supplemental Security Income benefits (SSI) under Title XVI of the Act, 42 U.S.C. §§ 1381–83.

       Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are not supported by substantial evidence; thus, the decision of the Commissioner should be reversed and remanded.

I.       PROCEDURAL HISTORY

       Plaintiff filed two applications under the Act, one for DIB and one for SSI. The applications were filed on October 19, 2004, and in each application Plaintiff alleged disability beginning July

10, 2004, due to disc degeneration, osteoporosis, and hearing deficit (Tr. 10, 44, 54, 66).[1] Plaintiff's applications were denied initially and on reconsideration (Tr. 10). On May 18, 2007, following a hearing, an administrative law judge (ALJ) rendered a decision in which she found that Plaintiff was not under a "disability" as defined in the Social Security Act (Tr. 10–16). On August 30, 2007, the Appeals Council of the Social Security Administration denied Plaintiff's request for review (Tr. 3–5). Thus, the decision of the ALJ stands as the final decision of the Commissioner, subject to review in this court. Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998). This appeal followed.

II.     FINDINGS OF THE ALJ

On May 18, 2007, the ALJ made several findings relative to the issues raised in this appeal (Tr.10–16):

1)  Plaintiff met the insured status requirements of the Act through March 31, 2007.

2)  Plaintiff has not engaged in substantial gainful activity (SGA) since July 10, 2004, the date she alleges she became disabled (20 C.F.R. §§ 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3)  Plaintiff has the following severe impairments: hearing loss since childhood, osteoporosis of the lumbar spine, and degenerative disc disease of the lumbar and cervical spine (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

4)  Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5)  Plaintiff has the residual functional capacity (RFC) to perform a significant range of light work. She can lift or carry 10 pounds frequently and 20 pounds occasionally, and stand, walk, or sit up to 6 hours in an 8-hour workday. Due to her hearing loss, verbal communication should be face to face rather than over the telephone. Additionally, Plaintiff should avoid working at heights, climbing ladders or scaffolds, and working around dangerous or moving machinery.

6)  Plaintiff can perform her past relevant work as a cashier/clerk. This work does not require the performance of work-related activities precluded by her RFC (20 C.F.R.

---

[1] All references to "Tr." refer to the Transcript of Social Security Administration Record filed on January 25, 2008 (*see* Docs. 12, 13).

§§ 404.1565 and 416.965). Moreover, Plaintiff can perform other work that exists in significant numbers in the national economy, and a finding of "not disabled" is reached within the framework of Medical-Vocational Rules 202.17 and 202.18.

7) Plaintiff has therefore not been under a disability, as defined in the Act, from July 10, 2004 through May 18, 2007, the date of the ALJ's decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

III.   STANDARD OF REVIEW

Review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence from the record and was a result of the application of proper legal standards. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991) ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied."); *see also* Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles." Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991). As long as proper legal standards were applied, the Commissioner's decision will not be disturbed if in light of the record as a whole the decision appears to be supported by substantial evidence. 42 U.S.C. § 405(g); Falge, 150 F.3d at 1322; Lewis, 125 F.3d at 1439; Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995). Substantial evidence is more than a scintilla, but not a preponderance, it is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)); Lewis, 125 F.3d at 1439. The court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if supported by substantial evidence. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986).

The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do her previous work, "but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)–(g), the Commissioner analyzes a disability claim in five steps:

1. If the claimant is performing SGA, she is not disabled.

2. If the claimant is not performing SGA, her impairments must be severe before she can be found disabled.

3. If the claimant is not performing SGA and she has severe impairments that have lasted or are expected to last for a continuous period of at least twelve months, and if her impairments meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claimant is presumed disabled without further inquiry.

4. If the claimant's impairments do not prevent her from doing her past relevant work, she is not disabled.

5. Even if the claimant's impairments prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

The claimant bears the burden of establishing a severe impairment that keeps her from performing her past work. 20 C.F.R. § 404.1512. If the claimant establishes such an impairment, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, the claimant must then prove she cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

IV. PLAINTIFF'S PERSONAL, EMPLOYMENT AND MEDICAL HISTORY[2]

---

[2] Unless otherwise noted, the information in this section is derived from the opinion of ALJ.

A.      Personal History

Plaintiff was born in April 1966, and she reported a ninth grade education with additional training as a millwright (Tr. 54, 71). Plaintiff has past work experience as an assembler, cashier/ clerk, deli clerk, and in electronics maintenance repair (Tr. 67).

B.      Relevant Medical History

Plaintiff sought treatment at the Bay Medical Center for abdominal pain on June 14, 2004 (Tr. 95–101). Jeffrey Appel, M.D., noted that a CT scan of the abdomen and pelvis showed right-sided hydronephrosis and a stone within the bladder. Otherwise, Plaintiff's physical examination was benign, and Plaintiff was released (Tr. 101; Doc. 17 at 3).

Plaintiff has also reported low back and intermittent neck pain with bilateral arm numbness and tingling, which has been attributed to disc degeneration. MRIs of the lumbar and cervical spine were performed in July 2004 (Tr. 102–06). The lumbar spine exhibited moderate disc degeneration at L5-S1 with broad-based disc protrusion and herniation at that level as well, but no nerve root impingement was observed. Disc degeneration was present to a variable degree throughout the cervical spine, and there was minimal foraminal narrowing bilaterally at C6-7. Mild diffuse bulge/ osteophyte complexes were present from C4-5 to C6-7, most prominent at the latter level. No impingement of the cord was seen. Bone density testing confirmed osteopororsis of the lumbar spine and osteopenia of the left hip. Progress notes from Peter Obesso, M.D., show that Plaintiff was prescribed medication for musculoskeletal problems and back pain (Tr. 107–15).

Plaintiff also has reported experiencing headaches, but she indicated that medication relieves the pain (Tr. 201). A CT of the brain performed on December 19, 2005, showed evidence of sinusitis, but was otherwise unremarkable (Tr. 155).

Finally, the evidence shows that Plaintiff has had hearing problems her entire life, presumably resulting from childhood ear infections, but she has been able to work even with impaired hearing. Plaintiff wore hearing aids until age thirteen. Plaintiff states that she no longer uses hearing aids because "Medicaid won't buy them." Hearing testing was performed on March 16, 2005, by Dr. Toner (Tr. 130–33). At that time, an audiogram indicated loss of hearing in the left ear with discrimination intact at 100 percent. Plaintiff also had mixed hearing loss in the right ear

with discrimination at 84 percent. She was assessed with moderate to severe hearing loss and a deviated nasal septum.

    C.    Other Information Within Plaintiff's Claim File

An agency physician (the name is illegible) completed a Physical RFC Assessment on November 4, 2004 (Tr. 116–23). The physician opined that Plaintiff can frequently lift or carry ten pounds and occasionally lift or carry twenty pounds (Tr. 117). Additionally, Plaintiff can stand, sit, or walk six hours in an eight-hour workday, and her ability to push or pull is unlimited (*id.*). No postural, manipulative, visual, communicative, or environmental limitations were established (Tr. 118–20).

A second agency physician, Tom Peele, M.D., completed a Physical RFC Assessment on April 1, 2005 (Tr. 134–43). According to Dr. Peele, Plaintiff can frequently lift or carry twenty-five pounds and occasionally lift or carry fifty pounds (Tr. 136). Additionally, Plaintiff can sit, stand, or walk six hours in an eight-hour workday, and her ability to push or pull is unlimited (*id.*). Plaintiff is able to frequently climb ramps and stairs and occasionally climb ladders, ropes, or scaffolds (Tr. 138). She can frequently balance, stoop, kneel, crouch, and crawl (*id.*). No manipulative, visual, or communicative limitations were established (Tr. 139–40). No environmental limitations were established except that Plaintiff is to avoid concentrated exposure to hazards, such as machinery or heights (Tr. 140).

    V.    DISCUSSION

Plaintiff raises three issues on appeal. First, Plaintiff contends the ALJ failed to comply with the Eleventh Circuit's pain standard; second, Plaintiff contends the ALJ improperly discounted the opinion of her treating physician; and third, Plaintiff asserts that the ALJ failed to properly consider the side effects of her medications (Doc. 17 at 1).[3]

    A.    Eleventh Circuit Pain Standard

---

[3] Although Plaintiff states she is raising only two grounds for relief (i.e., error with regard to the pain standard and the side effects of her medications) (Doc. 17 at 1), in the "arguments" section of Plaintiff's brief, she additionally contends that the ALJ erred in her consideration of the opinions of Dr. Obesso, a treating physician (*see id.* at 14). Thus, three grounds for relief will be addressed in this report and recommendation.

Case No. 5:07cv238/SPM/EMT

Plaintiff contends the ALJ failed to properly discount her testimony regarding her physical limitations (Doc. 17 at 12). As this court is well aware, pain is treated by the Regulations as a symptom of disability. Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, ". . . unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms." *Accord* 20 C.F.R. § 416.929. In Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1986), the Eleventh Circuit adopted the following additional pain standard:

> There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

The Eleventh Circuit continues to follow the Hand test. Wilson v. Barnhart, 284 F.3d 1219 (11th Cir. 2002); Kelley v. Apfel, 173 F.3d 814 (11th Cir. 1999); Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991); Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); Martin v. Railroad Retirement Bd., 935 F.2d 230, 233 (11th Cir. 1991); Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986).

The Eleventh Circuit has also approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529, because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard." Wilson, *supra*, 284 F.3d at 1226. Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

But "[w]hile both the Regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." Elam, 921 F.2d at 1216. The court has held that "[p]ain alone can be disabling, even when its existence is unsupported by objective evidence." Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (citing Walker v. Bowen, 826 F.2d 996, 1003 (11th Cir. 1987)). However, the absence of evidence to support symptoms of the severity claimed is a factor that can be considered. *Id.*; Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983).

Finally, "[i]f the Commissioner refuses to credit [subjective testimony of the Plaintiff concerning pain] he must do so explicitly and give reasons for that decision. . . . Where he fails to

do so we hold as a matter of law that he has accepted that testimony as true." MacGregor v. Bowen, 786 F.2d at 1054; Holt, 921 F.2d at 1223. "Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [plaintiff's] medical condition as a whole." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotations and citations omitted). The reasons articulated for disregarding the plaintiff's subjective pain testimony must be based upon substantial evidence. Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991).

Underlying the Hand standard is the need for a credibility determination concerning a plaintiff's complaints of pain. Those complaints are, after all, subjective. "[T]he ascertainment of the existence of an actual disability depend[s] on determining the truth and reliability of [a claimant's] complaints of subjective pain." Scharlow v. Schweiker, 655 F.2d 645, 649 (5th Cir. 1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints").[4] People with objectively identical conditions can experience significantly different levels of pain, and pain is more readily treated in some than in others. "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain. This determination is a question of fact which, like all factual findings by the [Commissioner], is subject only to limited review in the courts . . . ." Hand, 761 F.2d at 1548–49. It is within the ALJ's "realm of judging" to determine that "the quantum of pain [a claimant] allege[s] [is] not credible when considered in the light of other evidence." Arnold v. Heckler, 732 F.2d 881, 884 (11th Cir. 1984). Thus, a physician may be told by a patient that he or she is in pain, and the physician may believe it, but the ALJ is not bound by that. The evidence as a whole, including the existence of corroborating objective proof or the lack thereof, and not just a physician's belief, is the basis for the ALJ's credibility determination.

Here, in considering Plaintiff's subjective complaints, the ALJ correctly identified and referenced 20 C.F.R. § 404.1529 (Tr. 13). The ALJ also summarized the Eleventh Circuit's pain

---

[4] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).
Case No. 5:07cv238/SPM/EMT

standard and listed seven (7) factors that may be considered in assessing a claimant's credibility (*see* Tr. 13–14). The ALJ then stated that "[b]ased upon a review of the record, the [ALJ] finds that [Plaintiff's] complaints are not credible to the extent alleged" (Tr. 14). Similarly, the ALJ stated, "after considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" (*id.*).

In support, the ALJ first noted that when Plaintiff sought treatment for abdominal pain on June 14, 2004, a CT scan of the abdomen and pelvis showed right-sided hydronephrosis and a stone in the bladder, but the examination was otherwise benign (Tr. 14; *see also* Tr. 99, 101). The ALJ also noted that Plaintiff had complained of headaches, but a CT scan of the brain on December 19, 2005, was unremarkable, other than some evidence of sinusitis (Tr. 14; *see also* Tr.155–56). Next, the ALJ observed that while lumbar and cervical MRI's showed moderate disc degeneration with broad-based disc protrusion and herniation at L5-S1, and a variable degree of degeneration throughout the cervical spine, there was no nerve root impingement or cord impingement (Tr. 14; *see also* Tr. 105–06). Thus, it is obvious that the ALJ discounted Plaintiff's subjective complaints because she found that objective medical evidence corroborating the complaints was lacking.[5]

The absence of an objective medical basis to support the degree of severity of subjective complaints is an important factor to consider in evaluating the credibility of testimony and complaints. *See* 20 C.F.R. § 404.1529. However, as noted *supra*, "[p]ain alone can be disabling, even when its existence is unsupported by objective evidence." Marbury, 957 F.2d at 839 (11th Cir. 1992). Thus, while the absence of evidence to support symptoms of the severity claimed is a factor that can be considered, Tieniber, 720 F.2d at 1253, it cannot be the only basis for discrediting a

---

[5] The ALJ did not directly state that Plaintiff's complaints were discounted on this basis, but it is evident from a review of the opinion (*see* Tr. 13–14).

claimant's complaints. Here, the ALJ provided no other basis for discounting Plaintiff's complaints, and in failing to do so she erred.[6]

In Social Security cases, the role of this court is to determine whether the law has been properly applied and whether substantial evidence supports the Commissioner's findings, not to find facts. Because of this limited role, the general rule is to reverse and remand for additional proceedings when errors occur. *See, e.g.*, Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (referring to general practice); Holt, 921 F.2d at1223–24. A case may be remanded for an award of disability benefits, however, where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. Davis, 985 F.2d at 534; *see also* Bowen v. Heckler, 748 F.2d 629, 636 (11th Cir. 1984) (if the Commissioner's decision is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the decision with or without remanding the case for a rehearing); Carnes, 936 F.2d at1219 ("The record . . . is fully developed and there is no need to remand for additional evidence."); Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216–17 (11th Cir. 1991) (finding that improperly refuted testimony of a treating physician must be accepted as true and remanding "with directions to enter a finding of total disability").

Accepting Plaintiff's testimony as true (which the court must do, *see* MacGregor, 786 F.2d at 1054; Holt, 921 F.2d at 1223), the vocational expert has testified that Plaintiff could perform no available work (*see* Tr. 213). Thus, this court finds that a remand would serve no purpose because disability has been established.

B.     Treating Physician's Opinion(s)

Plaintiff was treated by Dr. Obesso from June 2004 through October 2006 (Tr. 107–15, 144–80). His notes are extensive, although some are handwritten and somewhat difficult to decipher. Nevertheless, it is clear that Plaintiff was regular patient of Dr. Obesso and that she consistently kept her appointments and returned to him repeatedly over the course of several years.

---

[6]The only other statement by the ALJ that could arguably be construed as a statement regarding Plaintiff's credibility is the following statement: "Progress notes from Dr. Obesso show that the claimant was prescribed medication for her musculoskeletal problems and pain." (Tr. 14). However, the ALJ did not state that the medication prescribed by Dr. Obesso effectively controlled Plaintiff's pain. Similarly, as discussed more fully *infra*, Dr. Obesso's notes do not establish that Plaintiff's pain was controlled by medication.
Case No. 5:07cv238/SPM/EMT

His notes have been summarized by both the Commissioner and Plaintiff's counsel (*see* Doc. 17 at 3–5, 7–8; Doc. 20 at 5–6, 8) and need not be repeated here. Suffice it to say that Plaintiff consistently reported low back pain, and in Dr. Obesso's more recent notes, she additionally reported neck pain and headaches. She was diagnosed with, in pertinent part, spinal stenosis, low back pain, and neck pain, and she was prescribed medications including Bextra, Flexeril, Ultram and Toradol (*see, e.g.*, Tr. 108, 112, 172). On occasion, as a result of Plaintiff's complaints, Dr. Obesso ordered objective tests, such as MRIs or CT scans, the results of which have been described *supra*. The abdominal CT scan was essentially benign, as was the CT scan of Plaintiff's brain. However, the lumbar and cervical MRI's showed moderate disc degeneration with broad-based disc protrusion and herniation at L5-S1, and a variable degree of degeneration throughout the cervical spine (Tr. 14, 105–06). Moreover, despite having a full range of motion in her back, Plaintiff consistently complained of pain and was consistently noted to demonstrate tenderness, spasm, and paravertebral fullness (*see, e.g.*, Tr. 109, 114).

Starting in approximately March 2005, Dr. Obesso's records reflect notations such as "fill out disability paperwork" after Plaintiff began complaining of a stiff neck and neck pain in addition to her back pain (*see, e.g.*, Tr. 172). In August 2005, Plaintiff also began reporting headaches (*see* Tr. 168). In September 2005, Dr. Obesso reported that Plaintiff had low back pain and spinal stenosis (Tr. 167), and in October 2005, he reported that Plaintiff's back pain was "worse" (Tr. 166). On two occasions, March 17, 2005 and March 16, 2006, Dr. Obesso opined that Plaintiff was "unable to work" due to neck and low back pain and that her conditions were permanent (Tr. 153, 165). He also noted on both occasions that Plaintiff's medications limit her ability to participate in work activities (*id.*).

In its entirety, the ALJ's discussion regarding Dr. Obesso is as follows: "Progress notes from Dr. Obesso show that the claimant was prescribed medication for her musculoskeletal problems and pain (Exhibit 3F)." (Tr. 14).[7] This discussion is an incomplete and wholly inadequate analysis of the opinions and records of Dr. Obesso, a treating physician who treated Plaintiff for more than two years.

---

[7]Exhibit 3F corresponds to Transcript Pages 107–115, or about nine pages in the record.

For example, the court notes that Plaintiff's file contains another exhibit that consists of records from Dr. Obesso, which is Exhibit 8F (Tr. 144–80), and that exhibit was not mentioned by the ALJ.[8]  Within Exhibit 8F are numerous additional records, including Dr. Obesso's opinion on two occasions that Plaintiff was unable to work and that her medications limit her ability to work. While the ALJ is not required to accept any physician's opinion that a claimant is "disabled," the ALJ clearly should have considered and addressed these opinions of Dr. Obesso, a treating physician.  Moreover, the ALJ erred in failing to address Dr. Obesso's opinions regarding the side effects of Plaintiff's medication.  Dr. Obesso specifically opined, twice, that Plaintiff's medications would limit her ability to work (*see* Tr. 153, 165).  While these errors might otherwise warrant a remand to an ALJ for additional administrative proceedings,[9] such as reconsidering the opinions of Dr. Obesso or re-contacting him (*see* 20 C.F.R. § 404.1512(e)(1) (noting that a treating physician should be re-contacted if the evidence he provided is "inadequate [to] determine whether [a claimant] is disabled")), in light of the ALJ's error in assessing Plaintiff's credibility, an award of benefits is appropriate in this circumstance.

   C.  Side Effects of Plaintiff's Medications

When a claimant has not complained of medication side effects, and the record contains no complaints of side effects to treating physicians, there is substantial evidence to support a finding that side effects are not a significant problem.  *See* Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990); *see also* Holley v. Chater, 931 F.Supp. 840, 850 (S.D. Fla. 1996) (when the sole evidence of side effects is a claimant's testimony that medication makes him "dizzy and drowsy," such "scant evidence" is insufficient to support a finding of disability).  Here, although Plaintiff identified the medications she was prescribed during her hearing before the ALJ, she did not complain of any medication side effects (*see, e.g.*, Tr. 197, 203).  Similarly, the court has not found, nor has Plaintiff's attorney identified, any complaints regarding medication side effects by Plaintiff to her

---

[8]Although Exhibit 8F was not part of Plaintiff's claims file at the time of her hearing before the ALJ, the ALJ provided additional time to Plaintiff's attorney for supplying the additional records, and they were indeed supplied and are part of Plaintiff's claims file (*see* Tr. 184–86, 144–80).

[9]The undersigned cannot compel the Commissioner to find Plaintiff disabled on the basis of Dr. Obesso's opinion because the question of whether a claimant is disabled (that is, unable to work within the strictures of the Social Security Act) is reserved to the Commissioner, not to a physician.  *See* 20 C.F.R. § 404.1503

Case No. 5:07cv238/SPM/EMT

physicians.  However, as previously noted, Dr. Obesso specifically opined that medication side effects would interfere with Plaintiff's ability to perform work, and the ALJ erred in failing to address this opinion.

For the foregoing reasons, the undersigned concludes that the Commissioner's decision is not supported by substantial evidence and should not be affirmed.  *See* 42 U.S.C. § 405(g); Lewis, 125 F.3d at 1441 (reversing the Commissioner's decision and remanding with instructions that the claimant be awarded benefits).

Accordingly, it is respectfully **RECOMMENDED**, pursuant to sentence four of 42 U.S.C. § 405(g), that the decision of the Commissioner be **REVERSED**, that this action be **REMANDED** to the Commissioner to enter a finding of total disability and award disability benefits, and that the clerk be directed to close the file.

At Pensacola, Florida this 31st day of October 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**